# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GREG TRAMMELL,

    Plaintiff,

  -vs-                                                                                    No. Civ. 06-1263 LH/WDS

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Amend Complaint (Docket No. 20), filed October 5, 2007. The Court, having reviewed the Motion, the record, and the applicable law, and otherwise being fully advised, finds that Plaintiff's Motion is not well taken and it will be **denied**.

Plaintiff moves the Court for leave to file his Second Amended Complaint. He initiated this suit on December 28, 2006, filing Plaintiff's Complaint, (Docket No. 1). On March 26, 2007, the Court granted Plaintiff's Motion for Withdrawal and Substitution of Counsel (Docket No. 7), filed March 23, 2007. (*See* Order (Docket No. 9).) New counsel filed Plaintiff's First Amended Complaint for ERISA Disability Benefits Pursuant to 29 U.S.C. § 1132(a)(1) (Docket No. 8), on March 26, 2007. The First Amended Complaint had been prepared by Plaintiff's previous counsel, and new counsel did not have sufficient opportunity to review its factual and legal basis because Defendant agreed to only an eight-day extension for filing an amended complaint. (Pl.'s Mot. Am.

Compl. at ¶¶ 1, 2.)  Defendant answered the First Amended Complaint on April 27, 2007.  (*See* UNUM's Answer to Plaintiff's First Amended Complaint for ERISA Disability Benefits Pursuant to 29 U.S.C. § 1132(a)(1)  (Docket No. 10).)

On June 14, 2007, the parties filed their Joint Status Report and Provisional Discovery Plan ("JSR")  (Docket No. 12), which Magistrate Judge Schneider adopted on July 3, 2007, as amended by his Order of June 25, 2007, (Order Adopting Joint Status Report and Provisional Discovery Plan (Docket No. 16)).  In the June 25th Order, Judge Schneider gave Plaintiff thirty days from receipt of the administrative file to determine whether and to what extent he would need discovery. (Docket No. 15.)   Judge Schneider subsequently granted Plaintiff's request for an extension of time from August 22, 2007, until August 31, 2007, to file his motion regarding discovery.  (Order  (Docket No. 18), filed August 20, 2007.)  Plaintiff never filed a motion addressing discovery.  However, the day after Judge Schneider entered his Order setting a status conference for October 10, 2007, ((Docket No. 19) filed October 4, 2007), Plaintiff filed his Motion to Amend Complaint.

Plaintiff contends that he should be allowed to amend the First Amended Complaint to include certain state common law and statutory claims that would provide broader remedies to Plaintiff if Defendant does not meet its burden to establish ERISA preemption.  (Pl.'s Mot. Am. Compl. at ¶ 3.)  Defendant  indicated to Plaintiff's counsel that it opposes the filing of the Second Amended Complaint (*id.* ¶ 4), but has not filed a response to Plaintiff's Motion.

Subsequent to service of a responsive pleading, absent consent of the adverse party, "a party may amend . . . only by leave of court . . ., and leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Whether to grant such leave, however, lies "'within the discretion of the trial Court,'" and leave to amend may be denied for "'undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment.'" *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1132 (10th Cir. 1987)(quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321-330 (1971); *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Additionally, "'[w]here the party seeking amendment knows or *should have known* of the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend is subject to denial.'" *Las Vegas Ice and Cold Storage v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)(emphasis added)(quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)); *see also, e.g., Pollottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)(motion filed eight months after original complaint and over five months after previous amendment; proposed theory previously known but not advanced until primary theory dismissed); *Frank v. U. S. West, Inc.*, 3 F.3d 1357, 1365-66 & n.9 (10th Cir. 1993)(motion filed four-and-a-half months after court's deadline for amending pleadings; counsel conceded failure to previously add defendant was strategic decision).  Furthermore, "[u]ntimeliness alone may be a sufficient basis for denial [and] prejudice to the opposing party need not also be shown."  *Las Vegas Ice and Cold Storage*, 893 F.2d at 1185.

The Court finds that Plaintiffs' Motion to Amend has been unduly delayed, is untimely, and would result in prejudice to Defendant.  The Court particularly is troubled by the considerable period of time that passed between the entry of present counsel for Plaintiff and the filing of the Motion to Amend -- more than six months.  Plaintiff not only failed to request of the Court an extension of time to allow new counsel to thoroughly review, before filing, the First Amended Complaint for ERISA Disability Benefits Pursuant to 29 U.S.C. § 1132(a)(1), but two-and-a-half months later he

informed Defendant and the Court that he did not anticipate filing any amendments to pleadings and agreed that the final date for amending the pleadings would be July 13, 2007. (JSR at 1.) Additionally, another two-and-a-half months later, in failing to file a motion regarding discovery, Plaintiff indicated to Defendant and the Court that no discovery would be needed in this case. Plaintiff offers no explanation for this delay and the Court has no reason not to believe that Plaintiff should have known the bases for his amendment long before he finally filed his Motion to Amend. Furthermore, Defendant clearly would suffer prejudice in increased costs for discovery and preparation of its defense were amendment to be allowed at this juncture.

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint (Docket No. 20), filed October 5, 2007, is **DENIED**.

*[signature]*

**SENIOR UNITED STATES DISTRICT JUDGE**